J-S65021-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

RICHARD N. MCNEIL

Appellant : No. 3625 EDA 2016

Appeal from the PCRA Order October 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002553-2014,
CP-51-CR-0003943-2014

BEFORE: OLSON, J., OTT, J., and MUSMANNO, J.
MEMORANDUM BY OTT, J.: FILED MARCH 15, 2018

Richard N. McNeil appeals from the order entered October 28, 2016, in
the Philadelphia County Court of Common Pleas dismissing his first petition
for collateral relief filed pursuant to the Post Conviction Relief Act (‘PCRA”).+
McNeil seeks relief from the judgment of sentence of an aggregate term of
five and one-half to 12 years’ imprisonment, followed by five years’ probation,
after he entered a guilty plea in two separate cases to charges of, inter alia,
aggravated assault, robbery, and persons not to possess firearms.

Contemporaneous with this appeal, counsel for McNeil has filed a petition to

1 See 42 Pa.C.S. §§ 9541-9546.

2 See 18 Pa.C.S. §§ 2702(a)(1), 3701(a)(1) (ii), and 6105(a)(1), respectively.
J-S65021-17

withdraw, and accompanying Turner/Finley*® “no-merit” letter. The “no
merit” letter sets forth four issues for review, asserting the PCRA court’s error
in failing to conduct an evidentiary hearing, the ineffectiveness of plea counsel
for coercing McNeil into entering a guilty plea and refusing to provide him with
discovery, and the ineffectiveness of prior PCRA counsel in neglecting to
interview purported alibi witnesses. McNeil also filed a pro se response to
counsel’s “no merit” letter asserting the following two additional claims: (1)
his guilty plea was entered unknowingly because the trial court erroneously
advised him he was facing a sentence of 25 years to life imprisonment under
the three strikes law,* and (2) plea counsel was ineffective for failing to advise
him of his right to appeal the denial of his motion to withdraw his guilty plea.
For the reasons below, we grant counsel’s petition to withdraw and affirm the
order denying PCRA relief.

The facts underlying McNeil’s guilty pleas are recounted by the PCRA

court as follows:

[W]ith regard to [Docket] No. [2553-2014], on December 15,
2013, at approximately 1:30 p.m., the complaining witness,
Tanisha Burch, was walking on Girard Avenue between Broad and
Carlisle Streets, when [McNeil] drove up in a van, exited the
vehicle, and ordered her to get in the van. [McNeil] lifted his shirt
to display the handle of a firearm. When Ms. Burch attempted to
flee, [McNeil] pursued her. [McNeil] caught up to her, and struck

3. See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and
Commonweatith v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

4 See 42 Pa.C.S. § 9714.
J-S65021-17

her in the face with the gun. Ms. Burch shouted to attract
attention, and at that point, [McNeil] left the area.

With regard to [Docket] No. [3943-2014], on January 24,
2014, at approximately 8:50 p.m., the complaining witness,
Tywanda Auld, was walking in the area of 8 and Arch Streets,
when she encountered [McNeil]. She and [McNeil] were old
acquaintances, and they engaged in a brief conversation. When
Ms. Auld started to leave, [McNeil] produced a firearm and pressed
it against her side. He then stated, “I’m sorry, it’s hard times.”
[McNeil] removed Ms. Auld’s handbag from her shoulder and fled
the scene. The bag and its contents had an approximate value of
$600.7

3 Based on a prior felony burglary conviction, [McNeil] was
ineligible to possess a firearm at the time of the above assaults.

PCRA Court Opinion, 5/22/2017, at 2-3 (record citations omitted).

At Docket No. 2553-2014, McNeil was charged with aggravated assault
(two counts), criminal conspiracy, attempted kidnapping, violations of the
Uniform Firearms Act (three counts), unlawful restraint, possessing an
instrument of crime, simple assault, false imprisonment and recklessly
endangering another person (“REAP”).° He was charged at Docket No. 3943-
2014, with robbery, violations of the Uniform Firearms Act (three counts),
theft, receiving stolen property, possessing and instrument of crime, and

REAP.® On August 22, 2014, McNeil filed a notice of alibi defense at Docket

> See 18 Pa.C.S. §§ 2702(a)(1) and (a)(4), 903, 901(a), 6105(a)(1),
6106(a)(1), 6108, 2902(a)(1), 907, 2701, 2903(a), and 2705, respectively.

© See 18 Pa.C.S. §§ 3701(a)(1)(ii), 6105(a)(1), 6106(a)(1), 6108, 3921,
3925(a), 907(a), and 2705, respectively.

-3-
J-S65021-17

No. 2253-2014, and listed six potential alibi witnesses for the December 2013
incident.

Nevertheless, on February 9, 2015, McNeil entered a negotiated guilty
plea at both dockets. At Docket No. 2253-2014, he pled guilty to one count
each of aggravated assault, unlawful restraint, and persons not to possess
firearms. At Docket No. 3943-2014, he entered a guilty plea to charges of
robbery and persons not to possess firearms. In exchange for the plea, the
Commonwealth withdrew the remaining charges, and agreed to an aggregate
sentence of five and one-half to 12 years’ imprisonment, followed by five
years’ probation.’ On February 18, 2015, McNeil filed a motion to withdraw
his plea, which the court denied by order entered March 20, 2015. No direct
appeal was filed.

On August 12, 2015, McNeil filed a timely, pro se PCRA petition. He
filed a second, virtually identical petition on February 5, 2016. Thereafter,

PCRA counsel was appointed, who filed a Turner/Finley “no merit” letter and

? Specifically, the court imposed two concurrent terms of five and one-half to
12 years’ imprisonment on the convictions of aggravated assault and robbery,
and two concurrent periods of five years’ probation on the charges of persons
not to possess a firearm. No further punishment was imposed on the unlawful
restraint claim.

It merits emphasis that the sentences imposed all fell below the
standard range of the sentencing guidelines. See N.T., 2/9/2015, at 24-25.
Further, although both the assault and robbery convictions constituted second
crimes of violence pursuant to the three strikes law, see 42 Pa.C.S. §
9714(a)(1), pursuant to the plea agreement, the Commonwealth did not seek
the imposition of 10-to-20 year mandatory minimum sentences for those
convictions.

-4-
J-S65021-17

petition to withdraw on August 17, 2016. McNeil submitted a pro se letter in
response. Nonetheless, the PCRA court entered an order on September 26,
2016, dismissing McNeil’s petition without first conducting an evidentiary
hearing. Although the order indicated the court had previously sent McNeil
Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, no such notice
appears on the docket or is included in the certified record. See Order,
9/26/2016.

Subsequently, on September 27, 2016, McNeil filed a pro se objection
to counsel’s “no merit” letter and the court’s purported Rule 907 notice,
asserting PCRA counsel was ineffective for failing to interview his alleged alibi
witnesses. On October 28, 2016, after a brief hearing with counsel,® the PCRA
court entered an order formally dismissing the petition, and granting counsel

permission to withdraw.? This timely appeal followed.?°

8 During the hearing, the court discussed McNeil’s pro se response to the “no
merit” letter, and request for new counsel. See N.T., 10/28/2015, at 1-10.

° As noted above, the record does not reflect the PCRA court provided McNeil
with the requisite 20-day notice of its intent to dismiss the petition without
first conducting an evidentiary hearing pursuant to Rule 907(1). Although this
notice is mandatory, McNeil has not raised this claim on appeal, and therefore,
he has “waived any defect in notice.” Commonwealth v. Zeigler, 148 A.3d
849, 852 n.2 (Pa. Super. 2016). Moreover, the PCRA court did provide McNeil
with the opportunity to respond to the dismissal of his petition, and did not
enter a final order until October 28, 2016. Accordingly, McNeil was not
prejudiced by the procedural misstep.

10 Present counsel was appointed on November 28, 2016, to represent McNeil
On appeal. On February, 22, 2017, counsel filed a concise statement of errors
complained of on appeal, pursuant to Pa.R.A.P. 1925(b), in which he indicated
J-S65021-17

Prior to addressing the merits of this appeal, we must first consider
whether counsel has fulfilled the procedural requirements for withdrawal.
“Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a
Turner/Finley ‘no-merit letter’ is the appropriate filing.” Commonwealth
v. Reed, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). Pursuant to

Turner/Finley and their progeny:

Counsel petitioning to withdraw from PCRA representation must ...
review the case zealously. Turner/Finley counsel must then
submit a “no-merit” letter to the trial court, or brief on appeal to
this Court, detailing the nature and extent of counsel’s diligent
review of the case, listing the issues which petitioner wants to
have reviewed, explaining why and how those issues lack merit,
and requesting permission to withdraw. Counsel must also send
to the petitioner: (1) a copy of the “no merit” letter/brief; (2) a
copy of counsel’s petition to withdraw; and (3) a statement
advising petitioner of the right to proceed pro se or by new

counsel.
2K OK OK

[W]here counsel submits a petition and no-merit letter that ...
satisfy the technical demands of Turner/Finley, the court — trial
court or this Court — must then conduct its own review of the
merits of the case. If the court agrees with counsel that the claims
are without merit, the court will permit counsel to withdraw and
deny relief.

Commonwealth v. Doty, 48 A.3d 451, 454 (Pa. Super. 2012) (citation
omitted).
Here, counsel has complied with the procedural aspects of

Turner/Finley. Furthermore, counsel provided McNeil with a copy of the “no

he intended to file a “no merit” letter, but also listed the issues he planned to
address in the “no merit” letter. See Pa.R.A.P. 1925(b) Statement,
2/22/2017.
J-S65021-17

merit” letter and the petition to withdraw, and advised McNeil of his right to
proceed pro se or with private counsel. See Motion Seeking Permission to
Withdraw, 6/7/2017, Exhibit 1. Moreover, McNeil filed a pro se response to
the request to withdraw, in which he raised two additional claims. See
Appellant’s Response to Counsel’s Motion to Withdraw, 6/28/2017, at 2.
Therefore, we proceed to a consideration of whether the PCRA court erred in
dismissing the petition. See Doty, supra.

“In reviewing the denial of PCRA relief, we examine whether the PCRA
court’s determination is supported by the record and free of legal error.”
Commonwealth v. Mitchell, 141 A.3d 1277, 1283-1284 (Pa. 2016)
(internal punctuation and citation omitted). Further, a PCRA court may
dismiss a petition “without an evidentiary hearing if there are no genuine
issues of material fact and the petitioner is not entitled to relief.” Id. (citations
omitted).

With regard to a claim alleging prior counsel’s ineffectiveness, we are

guided by the following:

The law presumes counsel has rendered effective assistance.
Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super.
2010). The burden of demonstrating ineffectiveness rests on
Appellant. Id. To satisfy this burden, Appellant must plead and
prove by a preponderance of the evidence that: “(1) his
underlying claim is of arguable merit; (2) the particular course of
conduct pursued by counsel did not have some reasonable basis
designed to effectuate his interests; and, (3) but for counsel’s
ineffectiveness, there is a reasonable probability that the outcome
of the challenged proceeding would have been different.”
Commonwealth v. Fulton, 574 Pa. 282, 830 A.2d 567, 572
(2003). Failure to satisfy any prong of the test will result in

-J-
J-S65021-17

rejection of the appellant’s ineffective assistance of counsel claim.
Commonwealth v. Jones, 571 Pa. 112, 811 A.2d 994, 1002
(2002).

Commonwealth v. Smith, 167 A.3d 782, 787-788 (Pa. Super. 2017).

Counsel’s “no merit” letter addresses four potential issues for appeal.
First, it asserts the PCRA court abused its discretion when it failed to provide
McNeil with an evidentiary hearing on his claim that plea counsel was
ineffective for failing to present alibi witnesses. See “No Merit” Letter, at 4-
9. Second, it contends plea counsel coerced McNeil into entering an
involuntary guilty plea. See id. at 9-11. Third, the “no merit” letter sets forth
a claim that plea counsel was ineffective for failing to provide McNeil with
discovery materials. See id, at 11-14. Lastly, it addresses the assertion that
prior PCRA counsel was ineffective for failing to speak with McNeil’s purported
alibi witnesses. See id. at 14-16.

Upon our review of the record, the “no merit” letter, and the pertinent
statutory and case law, we find the PCRA court thoroughly addressed and
properly disposed of the issues addressed in the “no merit” letter in its May
22, 2017, opinion. See PCRA Court Opinion, 5/22/2017, at 3-11 (finding (1)
plea counsel was aware of McNeil’s potential alibi witnesses, and had, in fact,
filed a notice of alibi defense and subpoenaed witnesses for McNeil’s trial;?+

(2) nevertheless, McNeil decided to enter a guilty plea and acknowledged in

11 BCRA Court Opinion, 5/22/2017, at 10-11.
J-S65021-17

both his written and oral plea colloquies that by pleading guilty, he “specifically
gave up the right to present a defense and/or call witnesses[;]’!2 (3) the
record “unequivocally demonstrates [McNeil’s] decision to plead guilty was
knowingly, intelligently and voluntarily made[; ]”17 and McNeil waived his claim
that counsel did not provide him with “discovery material” when he opted to
enter a guilty plea).14 Accordingly, we rest on the PCRA court’s well-reasoned
bases.!>

As noted supra, McNeil filed a pro se response to counsel’s request to
withdraw, raising two additional claims: (1) whether his guilty plea was
rendered unknowing when the trial court erroneously advised him that he
faced a possible sentence of 25 years to life imprisonment under the three
strikes law; and (2) whether both the trial court and plea counsel failed to

advise him of his right to appeal the trial court’s denial of his motion to

12 Td. at 10, citing N.T. 2/9/2015, at 17; Written Guilty Pleas Colloquies,
2/9/2015, at 2.

13 Td, at 6.
14 Td, at 10.

15 With regard to the assertion that PCRA counsel was ineffective for failing to
contact potential alibi witnesses, we add only that counsel explained during
the October 28, 2016, hearing, that he did not believe he was required to do
so when the record demonstrated McNeil entered a voluntary plea and
specifically gave up his right to present a defense and/or call witnesses. See
N.T., 10/28/2016, at 6-7. Indeed, unless PCRA counsel could demonstrate
McNeil’s plea was unknowing or involuntary, the availability and/or credibility
of the purported alibi witnesses was a moot point.

-9-
J-S65021-17

withdraw his guilty plea. See Appellant’s Response to Counsel’s Motion to
Withdraw, 6/28/2017, at 2. We conclude he is entitled to no relief.

First, with respect to McNeil’s claim regarding the trial court’s statement
concerning the possible sentence he faced if he had proceeded to trial, we
agree the court initially misspoke when it indicated McNeil could be sentenced
to a term of 25 years to life imprisonment. See N.T., 2/9/2015, at 9. McNeil
does not dispute that he had been convicted of a crime of violence prior to the
cases sub judice. Therefore, his convictions of aggravated assault at Docket
No. 2553-2014, and robbery at Docket No. 3943-2014, both constituted a
“second strike” pursuant to 42 Pa.C.S. § 9714(a)(1), and each subjected him
to a mandatory minimum sentence of 10 to 20 years’ imprisonment. See
Commonwealth v. Fields, 107 A.3d 738, 744 (Pa. 2014) (holding that
Section 9714(a)(1) ... requires that a second-strike offender be sentenced to
the prescribed minimum term of incarceration for each conviction of a crime
of violence that is part of the second strike.”). Neither conviction, however,
could constitute a third strike because McNeil was convicted of and sentenced
for both dockets the same day. As the Supreme Court explained in
Commonwealth v. McClintic, 909 A.2d 1241, 1252 (Pa. 2006), “each strike
that serves as a predicate offense must be followed by sentencing and, by
necessary implication, an opportunity for reform, before the offender commits
the next strike.”

Nonetheless, despite this brief misstatement, McNeil’s written colloquies

both correctly stated the maximum permissible sentences he faced for the

-10-
J-S65021-17

crimes to which he pled guilty. See Colloquy for Plea of Guilty, Docket No.
2553-2014, 2/9/2015 (noting maximum permissible sentence of 35 years);
Colloquy for Plea of Guilty, docket No. 3943-2014, 2/9/2015 (noting maximum
permissible sentence of 30 years). Moreover, during the oral colloquy, the
attorney for the Commonwealth also correctly stated the maximum penalties
that could be imposed for all the crimes charged if McNeil chose to proceed to
trial,4©° and, prior to accepting the plea, the trial court informed McNeil “[t]he
maximum penalty for both cases could be 65 years of incarceration[.]” N.T.,
2/9/2015, at 18. Furthermore, during the sentencing portion of the hearing,
the Commonwealth’s attorney again repeated that McNeil was subject to a
mandatory, “second strike,” 10 to 20-year sentence on each docket. Id. at
24. At no time did McNeil state that he was unclear as to the maximum
sentence he faced, or that he wanted to withdraw his plea. Therefore, we find
he is entitled to no relief.

Next, McNeil claims neither the trial court, nor plea counsel, informed
him that he had the right to appeal the trial court’s denial of his motion to
withdraw his plea. Again, we find his claim meritless.

Pennsylvania Rule of Criminal Procedure 704 sets forth the procedures
a trial court must follow at sentencing, including, inter alia:

(3) The judge shall determine on the record that the defendant
has been advised of the following:

16 See N.T., 2/9/2015, at 7-8, 11-12.

-1i-
J-S65021-17

(a) of the right to file a post-sentence motion and to appeal,
of the time within which the defendant must exercise those
rights, and of the right to assistance of counsel in the
preparation of the motion and appeal. ]

Pa.R.Crim.P. 704(C)(3)(a).

Our review of the guilty plea/sentencing transcript reveals that, at the
conclusion of the hearing, McNeil’s counsel properly informed him that he had
10 days to file a motion to withdraw his plea or seek reconsideration of his
sentence, and 30 days to file an appeal. See N.T., 2/9/2015, at 30. Counsel
also explained McNeil had to inform her in writing if he wanted to “exercise
those rights,” and that she would continue to represent him if he did so. Id.
We find this notice sufficient to satisfy the requirements of Rule 704(C).

Moreover, we note counsel did, in fact, file a timely post-sentence
motion, which was denied by the trial court. “However, before a court will
find ineffectiveness of trial counsel for failing to file a direct appeal, [the
defendant] must prove that he requested an appeal and that counsel
disregarded this request.” Commonwealth v. Harmon, 738 A.2d 1023,
1024 (Pa. Super. 1999), appeal denied, 753 A.2d 815 (Pa. 2000). McNeil has
made no such allegation here. Accordingly, no relief is warranted.

Therefore, we affirm the order on appeal dismissing McNeil’s first PCRA
petition. Further, because we agree with counsel’s assessment that there are
no meritorious issues for appeal, we grant counsel’s motion to withdraw.

Order affirmed. Motion for leave to withdraw as counsel granted.

-12-
J-S65021-17

Judgment Entered.

(
Joseph D. Seletyn, Es
Prothonotary

Date: 3/15/18

-13-